# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION - CLEVELAND

| | |
|---|---|
| MICHAEL DODSWORTH | ) CASE NO: |
| Plaintiff, | ) |
| | ) [Removed from the State Court of Cuyahoga |
| v. | ) County, Case No. CV 24 998581] |
| | ) |
| METROHEALTH SYSTEM, *et al.* | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(c) and 1446(a), Defendants The MetroHealth System, Jennifer Rogers, Fallon Forbush, Pete Harness, Marcus King, Bryan Brown, Charles Toles, Steven Gall, Adam Doyle, Nathan Moldaver, and Ryan Pleau (collectively, "Defendants") hereby remove the above-captioned action to this Court, stating the following grounds for removal:

1. On June 7, 2024, Plaintiff Michael Dodsworth commenced a personal injury action bearing Case No. CV 24 998581 in the Cuyahoga County Court of Common Pleas (the "State Court Action").

2. Plaintiff's Original Complaint and Summons were served on The MetroHealth System; Daniella Caudle, M.D.; and Jennifer Rogers[1] on June 17, 2024. *See, generally,* Compl.

3. Plaintiff filed and served his Amended Complaint on Defendants on August 26, 2025. *See, generally,* Am. Compl.

4. All Plaintiff's allegations arise from care received at MetroHealth Cleveland Heights Emergency Department and MetroHealth Main Campus from April 11, 2024 – April 17,

---

[1] Defendants Fallon Forbush, Pete Harness, Marcus King, Bryan Brown, Charles Toles, Steven Gall, Adam Doyle, Nathan Moldaver, and Ryan Pleau were not named in Plaintiff's Original Complaint. Daniella Caudle, M.D. is not named in Plaintiff's Amended Complaint.

2024.

5.       Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders in the State Court Action are collectively attached hereto as **Exhibit A**.

### FEDERAL QUESTION JURISDICTION

6.       Removal is proper under 28 U.S.C. § 1441(a) because the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7.       Under 28 U.S.C. § 1441(c), if a civil action includes (1) "a claim arising under the Constitution, laws, or treaties of the United States" and (2) "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," the entire action may be removed.

8.       In Plaintiff's Amended Complaint, Plaintiff asserts causes of action **under state and federal law**, including false imprisonment, battery, assault, intentional infliction of emotional distress, medical negligence, negligent hiring and supervision, **unconstitutional seizure and unreasonable use of force under 42 U.S.C. § 1983**, and **continued unconstitutional seizure and unreasonable use of force under 42 U.S.C. § 1983**. *See, generally*, Am. Compl.

9.       Counts VII, IX, and X of Plaintiff's Amended Complaint sets forth new causes of action under the United States Code. *See, generally*, Am. Compl. ¶¶ 115-146. Accordingly, this Court has original jurisdiction over those claims. 28 U.S.C. § 1331.

10.      The Court can properly exercise supplemental jurisdiction over the remaining state law causes of action, as they all are related to the claim over which the Court has original jurisdiction and form part of the same case or controversy. 28 U.S.C. § 1367.

11.      Accordingly, this Court possesses jurisdiction over this matter.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Timing

12. This Notice of Removal is filed within 30 days of Defendants' receipt of an amended pleading "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

13. In Plaintiff's Original Complaint, Plaintiff asserted multiple causes of action **under state law**, including false imprisonment; civil assault; civil battery; civil sexual assault; publication of private facts; intrusion on seclusion; false light; breach of implied contract; slander; negligent/reckless supervision, hiring, or training; and punitive damages. *See, generally,* Compl.

14. Thus, Defendants first learned that the State Court Action was removable when Plaintiff filed his Amended Complaint (August 26, 2025), asserting three, new causes of action under 42 U.S.C. § 1983. *See* Am. Compl.

### B. Venue

15. Removal to this District and Division is proper because the Court of Common Pleas for Cuyahoga County, Ohio is located within the Eastern Division of the Northern District of Ohio. *See* 28 U.S.C. §§ 1441(a), 1446(a); *see also* N.D. Ohio L.R. 3.8(a).

### C. Notice to Adverse Parties and State Court

16. Immediately following the filing of this Notice of Removal, written notice of this Notice of Removal will be delivered to counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

17. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Cuyahoga County Court of Common Pleas.

WHEREFORE, Defendants The MetroHealth System, Jennifer Rogers, Fallon Forbush, Pete Harness, Marcus King, Bryan Brown, Charles Toles, Steven Gall, Adam Doyle, Nathan Moldaver, and Ryan Pleau hereby give notice that the State Court Action is hereby removed to

this Court, and prays it proceed herein as a case properly removed with no further proceedings in the Cuyahoga County Court of Common Pleas.

Respectfully submitted,

/s/ Tayler L. Gill
John A. Favret (0080427)
Tayler L. Gill (0102513)
Tucker Ellis, LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113-7213
Tel:     216.592.5000
Fax:    216.592.5009
E-mail: john.favret@tuckerellis.com
            tayler.gill@tuckerellis.com

*Attorneys for Defendants The MetroHealth System, Jennifer Rogers, Fallon Forbush, Pete Harness, Marcus King, Bryan Brown, Charles Toles, Steven Gall, Adam Doyle, Nathan Moldaver, and Ryan Pleau*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of the foregoing will be served by Certified Mail on the following:

Joseph Sobecki, Esq.  *Attorney for Plaintiff*
405 Madison Avenue, Suite 910
Toledo, OH 4406
(419) 283-9282
Fax: (419) 242-9937
joseph@josephsobecki.com

　　　　　　　　　　　　　　　　　　　*/s/ Tayler L. Gill*
　　　　　　　　　　　　　　　　　　　Tayler L. Gill

　　　　　　　　　　　　　　　　　　　*One of the Attorneys for Defendants The MetroHealth System, Jennifer Rogers, Fallon Forbush, Pete Harness, Marcus King, Bryan Brown, Charles Toles, Steven Gall, Adam Doyle, Nathan Moldaver, and Ryan Pleau*