IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Michael Dodsworth, | Case No. 1:25-cv-01812 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| MetroHealth System, et al., | NOTICE OF CASE MANAGEMENT CONFERENCE |
| Defendants. | |

All counsel and/or parties will take notice that the above-captioned action has been set for a Telephonic Case Management Conference ("CMC") **on November 5, 2025 at 1:30 p.m**. before Judge Pamela A. Barker.  Lead counsel must be present at the CMC.

**1.      Track Assignment**

This case is subject to the provisions of Rule 16 of the Local Rules of the Northern District of Ohio entitled Differentiated Case Management ("DCM").  Counsel and/or the parties are expected to familiarize themselves with the Local Rules as well as with the Federal Rules of Civil Procedure. The Court shall evaluate this case in accordance with Rule 16 and assign it to one of the case management tracks described in L.R. 16(a)(2).  Each of the tracks (expedited, standard, complex, mass tort, and administrative) has its own set of guidelines and timelines governing discovery practice, motion practice, and for trial.  Discovery shall be guided by L.R. 26.1, *et seq*.  Motion practice shall be guided by Local Rule 7.1, *et seq*.

2.   **Consent to Magistrate Judge**

Magistrate Judge Reuben J. Sheperd has been assigned to assist in this case. The parties are encouraged to discuss and consider consenting to the jurisdiction of the Magistrate Judge.

3.   **Preparation for CMC by Counsel**

The parties shall meet prior to the CMC to discuss the case and prepare a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).  The Court places the burden of arranging this meeting on counsel for Plaintiff(s) if originally filed with this Court or, on counsel for Defendant(s) if removed.

With the exception of certain cases enumerated in Fed. R. Civ. P. 26(a)(1)(B),[1] the parties shall, at or within 14 days after the meeting and without awaiting a discovery request, provide the basic information to the other parties specified by Fed. R. Civ. P. 26(a)(1), (2), and (3).  A Report of Parties' Planning Meeting under Fed. R. Civ. P. 26(f) and Local Rule 16.3(b) (attached hereto as "Att. 1") shall be filed with the Court at least five (5) working days before the CMC.  Pursuant to Fed. R. Civ. P. 26(d), a party may not seek formal discovery from any source before the parties have met and conferred.

4.   **Filing of Discovery Materials**

Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, answers and responses thereto shall not be filed with the Clerk's Office, except that discovery materials may be filed as evidence in

---

[1] The following categories of proceedings are exempt from the initial disclosure requirements of Rule 26(a)(1);  (i) an action for review on an administrative record, including ERISA cases; (ii) a federal forfeiture action; (iii)  a petition for habeas corpus; (iv)  an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision; (v)  an action to enforce or quash an administrative summons or subpoena; (vi) an action by the United States to recover benefit payments; (vii) an action by the United States to collect on a student loan guaranteed by the United States; (viii) a proceeding ancillary to a proceeding in another court; and (ix) an action to enforce an arbitration award.

support of a motion or for use at trial. If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition. In any event, discovery and disclosure material submitted in support of any party's position shall be filed at the same time as the party's memorandum setting forth its position.

5.  **Electronic Filing**

Electronic filing is mandatory in the Northern District of Ohio. Counsel are advised that all documents, notices and orders in this matter be filed electronically, except as provided for in the Electronic Filing Policies and Procedures Manual, a copy of which is available on the Court's electronic case files web site at http://ecf.ohnd.uscourts.gov. Also, the Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.

6.  **Other Directives**

Parties shall submit a courtesy copy of all dispositive motions, oppositions and replies, along with all supporting material to Chambers.

No party may file a motion for summary judgment prior to close of discovery without express leave of court. All summary judgment motions shall be in a single motion. Parties may not file multiple summary judgment motions without express leave of Court.

In all cases in which it is anticipated that a party or parties will seek attorney's fees pursuant to statutory or case-law authority, such party shall file with the Court at or prior to the CMC a

preliminary estimate and/or budget of the amount of fees and expenses anticipated to be the subject of any such claim.

It is the responsibility of counsel for the Plaintiff to verify that a copy of this Order has been received by counsel for Defendant(s) or, if no counsel has entered an appearance for Defendant(s), has been received by Defendant(s).

Any attorney desiring to practice in a case before this Court, whose name has not appeared on an initial pleading or motion, shall enter a written notice of appearance.

**7.      Requests to Reschedule CMC or Excuse In-Person Attendance of Lead Counsel**

Any requests to reschedule the CMC and/or excuse the in-person attendance of lead counsel must be set forth in a written motion.  Such motion must be filed no less than seven (7) days prior to the CMC, absent extenuating circumstances.  With regard to a motion to reschedule the CMC, the moving party (or parties, if it is a joint motion) must confer with opposing counsel and propose no less than three (3) alternative dates that are agreeable to all participants.  Any request not complying with the above provisions will be denied.  The Court will not entertain telephone calls or emails requesting that the CMC be rescheduled or that lead counsel be excused.

**8.      Resolution prior to the CMC**

In the event that this case is resolved prior to the CMC, counsel should submit a jointly signed stipulation of settlement or dismissal, or otherwise notify the Court that the same is forthcoming.

During the course of this litigation, any questions or concerns regarding any aspect of this case should be directed to Barker_chambers@ohnd.uscourts.gov.

**IT IS SO ORDERED.**

Date: September 30, 2025

*s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE